JASON POSNER - OSB No. 98449
jposner@rke-law.com
GARY KAHN - OSB No. 81481
gkahn@rke-law.com
REEVES, KAHN & HENNESSY
P.O. Box 86100
4035 S.E. 52nd Avenue
Portland, Oregon 97286-0100
Telephone: (503) 777-5473
Facsimile: (503) 777-8566

FILED '04 DEC 28 16:14 USDC-ORP

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES THURMAN and ROBERT DEAN, <br><br> Plaintiffs, <br><br> v. <br><br> EXPRESS MESSENGER SYSTEMS, INC., a Foreign Corporation, <br><br> Defendant. | Case No. CV'04-1881 JE <br><br> COMPLAINT – FAIR LABOR STANDARDS ACT & SUPPLEMENTAL OREGON STATE WAGE AND PENALTY CLAIMS <br><br> DEMAND FOR JURY TRIAL |

### I. JURISDICTION

1.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as it arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

///

PAGE 1 - COMPLAINT



2.

This court also has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.

Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## II. PARTIES

4.

Plaintiff James Thurman is an individual residing in the County of Clackamas, State of Oregon, and served as an employee of defendant at all material times.

5.

Plaintiff Robert Dean is an individual residing in the County of Multnomah, State of Oregon, and served as an employee of defendant at all material times.

6

At all material times, Defendant Express Messenger Services, Inc. was a foreign corporation duly licensed and authorized to do business in the State of Oregon.

## III. SUMMARY OF ALLEGATIONS

7.

Plaintiff James Thurman worked for defendant at a Multnomah County, Oregon location from approximately May 2003 to March 2004 as a delivery driver of pharmaceutical supplies. Mr. Thurman's regular rate of pay was $12.50 per hour.

///

///

PAGE 2 - COMPLAINT

8.

Plaintiff Robert Dean has worked for the defendant from approximately September 2003 to the present time. Mr. Dean's regular rate of pay started at $12.50 per hour and is currently at $13.50 per hour.

## IV. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Count 1
### (Plaintiff James Thurman – Overtime Wages Under the FLSA)

9.

James Thurman realleges and incorporates paragraphs 1 through 4, 6, and 7.

10.

Pursuant to 29 U.S.C. § 207, *et seq.*, defendant was and is required to pay both plaintiffs overtime wages. Overtimes wages must be in the amount of not less than one and a half times plaintiffs' regular rate of pay for all hours they worked in excess of 40 hours per week.

11.

However, defendant often knowingly required or permitted both plaintiffs to work in excess of 40 hours per week without compensating plaintiffs for the overtime hours they worked.

12.

For the overtime he worked between May 2003 and March 2004, Mr. Thurman is entitled to $18.75 per hour for each hour worked in excess of 40 hours per week.

13.

Pursuant to 29 U.S.C. § 216(d), Mr. Thurman is also entitled to a penalty in the amount equal to the unpaid overtime wages for the hours he worked in excess of 40 hours per week.

PAGE 3 - COMPLAINT

14.

Finally, Mr. Thurman is entitled to his reasonable attorney fees, pursuant to 29 U.S.C. § 216(b), and to prejudgment interest in the amount of 9% from the date each overtime check was due, pursuant to 29 U.S.C. § 216(b).

### Count II
### (Plaintiff Robert Dean – Overtime Wages Under the FLSA)

15.

Robert Dean realleges and incorporates paragraphs 1 through 3, 5, 6, 8, 10, and 11.

16.

For the overtime he worked from May 2003 to the date of judgment, if any, Mr. Dean is entitled to $18.75 to $20.25 per hour for each hour worked in excess of 40 hours per week.

17.

Pursuant to 29 U.S.C. § 216(d), Mr. Dean is also entitled to a penalty in the amount equal to the unpaid overtime wages for the hours he worked in excess of 40 hours per week.

18.

Finally, Mr. Dean is entitled to his reasonable attorney fees, pursuant to 29 U.S.C. § 216(b), and to prejudgment interest in the amount of 9% from the date each overtime check was due, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

### Count 1
### (Plaintiff James Thurman – Overtime Claim under Oregon law)

19.

Mr. Thurman realleges and incorporates paragraphs 1 through 4, 6, and 7.

20.

Under ORS Chapter 653, defendant was and is required to pay both plaintiffs overtime wages. Overtimes wages must be in the amount of not less than one and a half times plaintiffs' regular rate of pay, respectively, for all hours they worked in excess of 40 hours per week.

21.

However, defendant often knowingly required or permitted plaintiffs to work in excess of 40 hours per week without compensating plaintiffs for the overtime hours they worked.

22.

Defendant's failure to pay Mr. Thurman time and one-half hours worked in excess of 40 hours per week violated ORS 653.251.

23.

Therefore, under ORS 653.055, Mr. Thurman is entitled to $18.75 per hour for each hour worked in excess of 40 hours per week for the overtime he worked between May 2003 and March 2004.

24.

Mr. Thurman is also entitled to an additional penalty of not less than 30 days wages, pursuant to ORS 653.055(1) and ORS 652.150.

25.

Finally, Mr. Thurman is entitled to his reasonable attorney fees, pursuant to ORS 652.200, and to prejudgment interest in the amount of 9% from the date each overtime check was due.

///

///

PAGE 5 - COMPLAINT

### THIRD CLAIM FOR RELIEF

### Count I
### (Plaintiff James Thurman – Violation of ORS 652. 610 *et seq.*)

26.

James Thurman realleges and incorporates paragraphs 1 through 4, 6, and 7.

27.

Defendant routinely made deductions, for which there was no accounting, from both plaintiffs' paychecks. These deductions violated ORS 652.610 because they were unauthorized and because defendant failed to provide an itemized statement for such deductions.

28.

Pursuant to ORS 652.615, plaintiff James Thurman is therefore entitled to not less that $200.00 for each violation of ORS 652.610.

29.

Additionally, pursuant to ORS 652.615, Mr. Thurman is entitled to his reasonable attorney fees.

### THIRD CLAIM FOR RELIEF

### Count II
### (Plaintiff Robert Dean – Violation of ORS 652. 610 *et seq.*)

30.

Robert Dean realleges and incorporates paragraphs 1 through 3, 5, 6, 8, and 27.

31.

Pursuant to ORS 652.615, plaintiff Robert Dean is therefore entitled to not less that $200.00 for each violation of ORS 652.610.

///

32.

Additionally, pursuant to ORS 652.615, Mr. Dean is entitled to his reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF

#### Count I
**(Plaintiff James Thurman – Violation of ORS 652.140 *et seq.*)**

33.

Plaintiff James Thurman realleges paragraphs 1 through 4, 6, and 7.

34.

Defendant failed to pay Mr. Thurman all wages due and owing to him at the conclusion of his employment, in violation of ORS 652.140.

35.

Mr. Thurman is therefore entitled to his unpaid overtime wages, described in paragraphs 12 and 23, in addition to a penalty of not less than 30 days wages, pursuant to ORS 652.150.

36.

Finally, Mr. Thurman is entitled to his reasonable attorney fees, pursuant to ORS 652.200, and to prejudgment interest in the amount of 9% from the date each overtime check was due.

WHEREFORE, plaintiffs respectfully pray that this Court award them judgment against defendant as follows:

1. For James Thurman's Four Claims for Relief:

    a. For unpaid overtime;

    b. For a penalty equal to the amount of unpaid overtime;

    c.    For a penalty equal to thirty (30) days wages;

    d.    For an additional penalty equal to thirty (30) days wages;

    e.    For not less than $200.00 for each violation of ORS 652.610;

    f.    For his reasonable attorney fees;

    g.    For prejudgment interest at the rate of 9%; and

    h.    For plaintiff's costs and disbursements incurred herein.

2.    For Robert Dean's Three Claims for Relief:

    a.    For unpaid overtime;

    b.    For a penalty equal to the amount of unpaid overtime;

    c.    For not less than $200.00 for each violation of ORS 652.610;

    d.    For his reasonable attorney fees;

    e.    For prejudgment interest at the rate of 9%; and

    f.    For plaintiff's costs and disbursements incurred herein.

DEMAND FOR JURY TRIAL

DATED this 27th day of December, 2004.

REEVES, KAHN & HENNESSY

*/s/ Jason L. Posner*

Jason L. Posner – OSB No. 98449
jposner@rke-law.com
Gary K. Kahn - OSB No. 81481
gkahn@rke-law.com
Telephone: (503) 777-5473
Facsimile: (503) 777-8566

Of Attorneys for Plaintiffs

PAGE 8 - COMPLAINT